

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 20, 1971

Honorable Bob Armstrong            Opinion No. M-975
Commissioner
General Land Office                Re: May the several reserve
Austin, Texas  78701                   accounts within a Division
                                       of the Veterans' Land Fund
                                       be consolidated in a single
                                       account so long as accurate
                                       accounting procedures are
                                       followed to track those funds
                                       necessary to be deposited to
                                       the credit of the several bond
                                       issues outstanding within that
Dear Mr. Armstrong:                    Division?

     You recently requested the opinion of this office with
regard to the following question:

          "May the several reserve accounts within
     a Division of the Veterans' Land Fund be con-
     solidated in a single account so long as accurate
     accounting procedures are followed to track those
     funds necessary to be deposited to the credit of
     the several bond issues outstanding within that
     Division?"

     In answering this question, we would first like to estab-
lish the relationship which the several reserve accounts with-
in a Division of the Veterans' Land Fund have to the Fund
itself.

     Article III, Section 49b of the Texas Constitution, as
amended in 1967, speaks to the existence of and makes pro-
vision for the operation of the Veterans' Land Fund; it reads
in part:

          "By virtue of prior Amendments to this
     Constitution, there has been created a govern-
     mental agency of the State of Texas performing
     governmental duties which has been designated
     the Veterans' Land Board.  Said Board shall con-
     tinue to function for the purposes specified in

-4757-

> all of the prior Constitutional Amendments
> except as modified herein. . .

"     ". . .

> "The Veterans' Land Board may provide
> for, issue and sell not to exceed Four Hundred
> Million Dollars ($400,000,000) in bonds or
> obligations of the State of Texas for the pur-
> pose of creating a fund to be known as the
> Veterans' Land Fund, Two Hundred Million Dollars
> ($200,000,000) of which have heretofore been
> issued and sold...

"     ". . .

> "All moneys comprising a part of said
> Fund and not expended for the purposes herein
> provided shall be a part of said Fund until
> there are sufficient moneys therein to retire
> fully all of the bonds heretofore or hereafter
> issued and sold by said Board, . . .

"     ". . ."     (Emphasis added).

The Veterans' Land Fund referred to above contains
within it four (4) separate or division funds, designated
by your Board as "Division A","Division B", "Division C"
and "Division D". These various divisions were created by
specific provision contained in the various bond resolutions
as adopted by the Veterans' Land Board and relate to the
four amendments to this section of the Constitution.

The following language contained in the 1967 amendment
to Article III, Section 49b, speaks to these divisions as:

> "(. . . consisting of the moneys attributable
> to the bonds issued and sold pursuant to a single
> Constitutional authorization and the lands pur-
> chased therewith). . ."

Within these various Divisions there have been created
"Reserve Funds" for each of the bond issues which make up the
various Divisions (i.e. State of Texas Veterans' Land Bonds,
Series 1949, 1950, and 1950A, make up Division A of the
Veterans' Land Fund) and the resolutions authorizing each of
these issues specifically states the purpose for which these

Reserve Funds are to be used.

The question which you have asked concerns the management of these funds and whether or not the moneys which make up the several reserve accounts within a Division can be deposited in a single depository account so long as accurate bookkeeping and accounting practices are maintained to insure that each designated "reserve account" is credited with the required sum.

The management of these funds is without question vested in the Veterans' Land Board by Article 5421m, Vernon's Civil Statutes, its Section 2(A) reads as follows:

> "The duties of the Veterans' Land Board as created by Article III, Section 49-b of the constitution as amended, shall be to authorize and execute negotiable bonds as provided by law; to provide by resolution for the use of the Veterans' Land Fund in such manner as to effectuate the intent of the constitution and of the law; to fix the interest rates as prescribed by law; to provide for the forfeiture of contracts of sale and purchase and the resale of forfeited land; to conduct such investigations as it may deem necessary; and to formulate such policies, rules and regulations as may be necessary, not in conflict with the provisions of the law, to insure the proper administration of the law and to carry out the intent and purposes thereof."
> (Emphasis added).

The sum of those funds which make up a Division within the Veterans' Land Fund should be segregated and remain separate and apart from all other moneys and properties in the Fund but this same limitation would not necessarily apply to the "reserve accounts" within the Division.

We find no prohibition in the Constitution, the statutes or the resolutions authorizing the various outstanding bond issues of the Veterans' Land Board which requires that the moneys in the various reserve accounts be physically segregated from the other moneys within the Division so long as said funds are clearly traceable and the required amount of reserves contemplated by the various bond resolutions is maintained.

The bookkeeping and accounting procedures used in discharging

the Board's responsibilities in these matters are clearly ones of judgment and should it be found to be the better practice the numerous reserve accounts within a Division, may be consolidated.

## S U M M A R Y

The several reserve accounts within a division of the Veterans' Land Fund may be consolidated in a single depository account so long as accurate accounting and bookkeeping procedures are followed to insure that the required reserves for each bond issue are maintained and are identifiable as contemplated by the various bond resolutions.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Robert B. Davis
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Mel Corley
Joseph H. Sharpley
Roger Tyler
James Quick

SAM McDANIEL
STAFF LEGAL ASSISTANT

ALFRED WALKER
EXECUTIVE ASSISTANT

NOLA WHITE
FIRST ASSISTANT